Joseph G. Went, Esq.
Nevada Bar No. 9220
Lars K. Evensen, Esq.
Nevada Bar No. 8061
Sydney R. Gambee, Esq.
Nevada Bar No. 14201
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
jgwent@hollandhart.com
lkevensen@hollandhart.com
srgambee@hollandhart.com

*Attorneys for Defendants*
*Brad Palubicki and Eva Gabriela Farmer de la Torre*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Lead Casee No.: 25-10341-NMC |
| NUMALE CORPORATION, | Chapter 11 |
| Debtors. | *Jointly Adminstered with:* |
| MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE, | Feliciano NuMale Nevada PLLC Case No. 25-10342-NMC |
| Plaintiff, | NuMedical SC Case No. 25-10343-NMC |
| v. | NuMale Colorado SC Case No. 25-10344-NMC |
| BRAD PALUBICKI and EVA GABRIELA FARMER DE LA TORRE | NuMale Florida TB PLLC Case No. 25-10345-NMC |
| Defendants. | NuMale Nebraska LLC Case No. 25-10346-NMC |
| | NuMale New Mexico SC Case No. 25-10347-NMC |
| | **Adversary Proc. No. 25-01155-nmc** |

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

-1-

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

Defendants BRAD PALUBICKI ("Palubicki") and EVA GABRIELA FARMER DE LA TORRE ("Gabby") (together with Palubicki, the "Defendants"), by and through their attorneys of the law firm of Holland & Hart, LLP, hereby admit, deny, and otherwise respond to the allegations of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE (the "Trustee" or "Plaintiff") in the *Second Amended Complaint* (the "Complaint") on file herein, as follows.

### I.

### PARTIES

1.      In answering paragraph 1 of the Complaint, Defendants admit the allegations set forth therein.

2.      In answering paragraph 2 of the Complaint, Defendants admit the allegations set forth therein.

3.      In answering paragraph 3 of the Complaint, Defendants admit the allegations set forth therein.

4.      In answering paragraph 4 of the Complaint, Defendants admit the allegations set forth therein.

5.      In answering paragraph 5 of the Complaint, Defendants admit the allegations set forth therein.

6.      In answering paragraph 6 of the Complaint, Defendants admit the allegations set forth therein.

7.      In answering paragraph 7 of the Complaint, Defendants admit the allegations set forth therein.

8.      In answering paragraph 8 of the Complaint, Defendants admit the allegations set forth therein.

9.      In answering paragraph 9 of the Complaint, Defendants admit the allegations set forth therein.

10.      In answering paragraph 10 of the Complaint, Defendants admit the allegations set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

11.    In answering paragraph 11 of the Complaint, Defendants admit the allegations set forth therein.

12.    In answering paragraph 12 of the Complaint, Defendants admit the allegations set forth therein.

13.    In answering paragraph 13 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

14.    In answering paragraph 14 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

15.    In answering paragraph 15 of the Complaint, Defendants admit Nevada is a community property state but deny any community property is liable for the alleged claims as no valid debts exist and no torts were committed. Defendants deny the remaining allegations set forth therein.

**II.**

**JURISDICTION AND VENUE**

16.    In answering paragraph 16 of the Complaint, Defendants admit the allegations set forth therein.

17.    In answering paragraph 17 of the Complaint, Defendants admit the allegations set forth therein.

18.    In answering paragraph 18 of the Complaint, Defendants admit the allegations set forth therein.

19.    In answering paragraph 19 of the Complaint, Defendants admit the allegations set forth therein.

20.    In answering paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

**III.**

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**GENERAL ALLEGATIONS**

21.     In answering paragraph 21 of the Complaint, Defendants deny the allegations set forth therein.

22.     In answering paragraph 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

23.     In answering paragraph 23 of the Complaint, Defendants deny the allegations set forth therein.

24.     In answering paragraph 24 of the Complaint, Defendants deny the allegations set forth therein.

25.     In answering paragraph 25 of the Complaint, Defendants deny the allegations set forth therein.

26.     In answering paragraph 26 of the Complaint, Defendants deny the allegations set forth therein.

**IV.**

**FIRST CLAIM FOR RELIEF**

**Declaratory Relief**

**(Against Palubicki)**

27.     In answering paragraph 27 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

28.     In answering paragraph 28 of the Complaint, Defendants admit the referenced policies were issued and affirmatively state that Palubicki is one of over 40 named insureds with individual rights, including 20 entities added via E08414 endorsement and 17 individual named insureds identified in Beazley correspondence. Palubicki owns 0% of any medical entity.

29.     In answering paragraph 29 of the Complaint, Defendants admit that the referenced Underwriters issued the specified policies with specified limits, and further state that the subject policies were not "issued to the Debtors" exclusively.

30.     In answering paragraph 30 of the Complaint, Defendants admit the allegations set

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

-4-

forth therein.

31.    In answering paragraph 31 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

32.    In answering paragraph 32 of the Complaint, Defendants admit the allegations set forth therein.

33.    In answering paragraph 33 of the Complaint, Defendants deny the allegations set forth therein.

34.    In answering paragraph 34 of the Complaint, Defendants deny the allegations set forth therein.

35.    In answering paragraph 35 of the Complaint, Defendants admit the allegations set forth therein.

36.    In answering paragraph 36 of the Complaint, Defendants admit the allegations set forth therein.

37.    In answering paragraph 37 of the Complaint, Defendants admit certain insurance policies exist but deny the conclusory allegation. Defendants further respond and state that individual named insureds maintain separate rights to defense and indemnification that are not property of the estate.

38.    In answering paragraph 38 of the Complaint, Defendants deny the allegations set forth therein.

39.    In answering paragraph 39 of the Complaint, Defendants deny the allegations set forth therein.

40.    In answering paragraph 40 of the Complaint, Defendants deny the allegations set forth therein.

41.    In answering paragraph 41 of the Complaint, Defendants admit the allegations set forth therein.

42.    In answering paragraph 42 of the Complaint, Defendants deny the allegations set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

43.    In answering paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

44.    In answering paragraph 44 of the Complaint, Defendants admit the allegations set forth therein.

45.    In answering paragraph 45 of the Complaint, Defendants deny the allegations set forth therein.

## V.

### SECOND CLAIM FOR RELIEF

**Avoidance of One-Year Transfers Pursuant to 11 U.S.C. § 547(b)**

**(Against Palubicki and De La Torre)**

46.    In answering paragraph 46 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

47.    In answering paragraph 47 of the Complaint, Defendants admit the allegations with respect to Palubicki and deny the allegations with respect to De La Torre. Defendants further respond and state that De La Torre separated from all positions with the Debtors in January 2023, more than one year before the January 22, 2025 petition date, eliminating any insider status for preference period claims under 11 U.S.C. § 547(b)(4)(B).

48.    In answering paragraph 48 of the Complaint, Defendants admit the allegations set forth therein, and deny the allegations with respect to De La Torre. Defendants further respond and state that De La Torre separated from all positions with the Debtors in January 2023, more than one year before the January 22, 2025 petition date, eliminating any insider status for preference period claims under 11 U.S.C. § 547(b)(4)(B).

49.    In answering paragraph 49 of the Complaint, Defendants deny the allegations set forth therein.

50.    In answering paragraph 50 of the Complaint, Defendants admit the allegations set forth therein.

51.    In answering paragraph 51 of the Complaint, Defendants admit the allegations set

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

forth therein.

52.    In answering paragraph 52 of the Complaint, Defendants deny the allegations set forth therein.

53.    In answering paragraph 53 of the Complaint, Defendants deny the allegations set forth therein.

54.    In answering paragraph 54 of the Complaint, Defendants deny the allegations set forth therein.

55.    In answering paragraph 55 of the Complaint, Defendants deny the allegations set forth therein.

56.    In answering paragraph 56 of the Complaint, Defendants deny the allegations set forth therein.

57.    In answering paragraph 57 of the Complaint, Defendants deny the allegations set forth therein.

**VI.**

**THIRD CLAIM FOR RELIEF**

**Fraudulent Conveyance – 11 U.S.C. § 548(a)(1)(A)**

**(Against Palubicki and De La Torre)**

58.    In answering paragraph 58 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

59.    In answering paragraph 59 of the Complaint, Defendants admit the allegations that "[w]ithin the two years preceding the Petition Date, Palubicki and/or De La Torre received transfers from the Debtors." Defendants deny the remaining allegations set forth in this paragraph.

60.    In answering paragraph 60 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

61.    In answering paragraph 61 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

62.    In answering paragraph 62 of the Complaint, Defendants deny the allegations set forth therein.

63.    In answering paragraph 63 of the Complaint, Defendants deny the allegations set forth therein.

64.    In answering paragraph 64 of the Complaint, Defendants deny the allegations set forth therein.

65.    In answering paragraph 65 of the Complaint, Defendants deny the allegations set forth therein.

66.    In answering paragraph 66 of the Complaint, Defendants deny the allegations set forth therein.

67.    In answering paragraph 67 of the Complaint, Defendants deny the allegations set forth therein.

68.    In answering paragraph 68 of the Complaint, Defendants deny the allegations set forth therein.

69.    In answering paragraph 69 of the Complaint, Defendants deny the allegations set forth therein.

**VII.**

**<u>FOURTH CLAIM FOR RELIEF</u>**

**Fraudulent Conveyance – 11 U.S.C. § 548(a)(1)(B)**

**(Against Palubicki and De La Torre)**

70.    In answering paragraph 70 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

71.    In answering paragraph 71 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

72.    In answering paragraph 72 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

73.    In answering paragraph 73 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

74.    In answering paragraph 74 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

75.    In answering paragraph 75 of the Complaint, Defendants deny the allegations set forth therein.

76.    In answering paragraph 76 of the Complaint, Defendants deny the allegations set forth therein.

77.    In answering paragraph 77 of the Complaint, Defendants deny the allegations set forth therein.

78.    In answering paragraph 78 of the Complaint, Defendants deny the allegations set forth therein.

79.    In answering paragraph 79 of the Complaint, Defendants deny the allegations set forth therein.

80.    In answering paragraph 80 of the Complaint, Defendants deny the allegations set forth therein.

81.    In answering paragraph 81 of the Complaint, Defendants deny the allegations set forth therein.

82.    In answering paragraph 82 of the Complaint, Defendants deny the allegations set forth therein.

83.    In answering paragraph 83 of the Complaint, Defendants deny the allegations set forth therein.

84.    In answering paragraph 84 of the Complaint, Defendants deny the allegations set

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

forth therein.

85.     In answering paragraph 85 of the Complaint, Defendants deny the allegations set forth therein.

## VII.

## FIFTH CLAIM FOR RELIEF

**Avoidance of Fraudulent Transfers – 11 U.S.C. § 544 and NRS 112.180(1)(B)**

**(Against Palubicki and De La Torre)**

86.     In answering paragraph 86 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

87.     In answering paragraph 87 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

88.     In answering paragraph 88 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

89.     In answering paragraph 89 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

90.     In answering paragraph 90 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

91.     In answering paragraph 91 of the Complaint, Defendants deny the allegations set forth therein.

92.     In answering paragraph 92 of the Complaint, Defendants deny the allegations set forth therein.

93.     In answering paragraph 93 of the Complaint, Defendants deny the allegations set forth therein.

94.     In answering paragraph 94 of the Complaint, Defendants deny the allegations set

forth therein.

95.      In answering paragraph 95 of the Complaint, Defendants deny the allegations set forth therein.

96.      In answering paragraph 96 of the Complaint, Defendants deny the allegations set forth therein.

97.      In answering paragraph 97 of the Complaint, Defendants deny the allegations set forth therein.

98.      In answering paragraph 98 of the Complaint, Defendants deny the allegations set forth therein.

99.      In answering paragraph 99 of the Complaint, Defendants deny the allegations set forth therein.

100.     In answering paragraph 100 of the Complaint, Defendants deny the allegations set forth therein.

### IX.

### SIXTH CLAIM FOR RELIEF

**Avoidance of Fraudulent Transfers – 11 U.S.C. § 544 and NRS 112.180(1)(b)**

**(Against Palubicki and De La Torre)**

101.     In answering paragraph 101 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

102.     In answering paragraph 102 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

103.     In answering paragraph 103 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

104.     In answering paragraph 104 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

-11-

105.    In answering paragraph 105 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

106.    In answering paragraph 106 of the Complaint, Defendants deny the allegations set forth therein.

107.    In answering paragraph 107 of the Complaint, Defendants deny the allegations set forth therein.

108.    In answering paragraph 108 of the Complaint, Defendants deny the allegations set forth therein.

109.    In answering paragraph 109 of the Complaint, Defendants deny the allegations set forth therein.

110.    In answering paragraph 110 of the Complaint, Defendants deny the allegations set forth therein.

111.    In answering paragraph 111 of the Complaint, Defendants deny the allegations set forth therein.

112.    In answering paragraph 112 of the Complaint, Defendants deny the allegations set forth therein.

113.    In answering paragraph 113 of the Complaint, Defendants deny the allegations set forth therein.

## X.

## SEVENTH CLAIM FOR RELIEF

### Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550

### (Against Palubicki and De La Torre)

114.    In answering paragraph 114 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

115.    In answering paragraph 115 of the Complaint, Defendants deny the allegations set forth therein.

116.    In answering paragraph 116 of the Complaint, Defendants deny the allegations set

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

forth therein.

117.    In answering paragraph 117 of the Complaint, Defendants deny the allegations set forth therein.

118.    In answering paragraph 118 of the Complaint, Defendants deny the allegations set forth therein.

119.    In answering paragraph 119 of the Complaint, Defendants deny the allegations set forth therein.

120.    In answering paragraph 120 of the Complaint, Defendants deny the allegations set forth therein.

**XI**

**EIGHTH CLAIM FOR RELIEF**

**Breach of Fiduciary Duty**

**(Against Palubicki)**

121.    In answering paragraph 121 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

122.    In answering paragraph 122 of the Complaint, Defendants deny the allegations set forth therein.

123.    In answering paragraph 123 of the Complaint, Defendants deny the allegations set forth therein.

124.    In answering paragraph 124 of the Complaint, Defendants deny the allegations set forth therein.

125.    In answering paragraph 125 of the Complaint, Defendants deny the allegations set forth therein.

126.    In answering paragraph 126 of the Complaint, Defendants deny the allegations set forth therein.

127.    In answering paragraph 127 of the Complaint, Defendants deny the allegations set forth therein.

128.    In answering paragraph 128 of the Complaint, Defendants deny the allegations set

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

forth therein.

129.    In answering paragraph 129 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

130.    In answering paragraph 130 of the Complaint, Defendants deny the allegations set forth therein.

131.    In answering paragraph 131 of the Complaint, Defendants deny the allegations set forth therein.

132.    In answering paragraph 132 of the Complaint, Defendants deny the allegations set forth therein.

133.    In answering paragraph 133 of the Complaint, Defendants deny the allegations set forth therein.

134.    In answering paragraph 134 of the Complaint, Defendants deny the allegations set forth therein.

135.    In answering paragraph 135 of the Complaint, Defendants deny the allegations set forth therein.

136.    In answering paragraph 136 of the Complaint, Defendants deny the allegations set forth therein.

137.    In answering paragraph 137 of the Complaint, Defendants deny the allegations set forth therein.

138.    In answering paragraph 138 of the Complaint, Defendants deny the allegations set forth therein.

139.    In answering paragraph 139 of the Complaint, Defendants deny the allegations set forth therein.

140.    In answering paragraph 140 of the Complaint, Defendants deny the allegations set forth therein.

141.    In answering paragraph 141 of the Complaint, Defendants deny the allegations set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

142.    In answering paragraph 142 of the Complaint, Defendants deny the allegations set forth therein.

143.    In answering paragraph 143 of the Complaint, Defendants deny the allegations set forth therein.

144.    In answering paragraph 144 of the Complaint, Defendants deny the allegations set forth therein.

145.    In answering paragraph 145 of the Complaint, Defendants deny the allegations set forth therein.

146.    In answering paragraph 146 of the Complaint, Defendants deny the allegations set forth therein.

147.    In answering paragraph 147 of the Complaint, Defendants deny the allegations set forth therein.

148.    In answering paragraph 148 of the Complaint, Defendants deny the allegations set forth therein.

149.    In answering paragraph 149 of the Complaint, Defendants deny the allegations set forth therein.

**XII.**

**NINTH CLAIM FOR RELIEF**

**Negligence**

**(Against Palubicki)**

150.    In answering paragraph 150 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

151.    In answering paragraph 151 of the Complaint, Defendants deny the allegations set forth therein.

152.    In answering paragraph 152 of the Complaint, Defendants deny the allegations set forth therein.

153.    In answering paragraph 153 of the Complaint, Defendants deny the allegations set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

154. In answering paragraph 154 of the Complaint, Defendants deny the allegations set forth therein.

155. In answering paragraph 155 of the Complaint, Defendants deny the allegations set forth therein.

156. In answering paragraph 156 of the Complaint, Defendants deny the allegations set forth therein.

## XIII.

## TENTH CLAIM FOR RELIEF

### Unjust Enrichment

### (Against Palubicki and De La Torre)

157. In answering paragraph 157 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

158. In answering paragraph 158 of the Complaint, Defendants deny the allegations set forth therein.

159. In answering paragraph 159 of the Complaint, Defendants deny the allegations set forth therein.

160. In answering paragraph 160 of the Complaint, Defendants deny the allegations set forth therein.

161. In answering paragraph 161 of the Complaint, Defendants deny the allegations set forth therein.

162. In answering paragraph 162 of the Complaint, Defendants deny the allegations set forth therein.

163. In answering paragraph 163 of the Complaint, Defendants deny the allegations set forth therein.

164. In answering paragraph 164 of the Complaint, Defendants deny the allegations set forth therein.

165. In answering paragraph 165 of the Complaint, Defendants deny the allegations set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

166.    In answering paragraph 166 of the Complaint, Defendants deny the allegations set forth therein.

167.    In answering paragraph 167 of the Complaint, Defendants deny the allegations set forth therein.

168.    In answering paragraph 168 of the Complaint, Defendants deny the allegations set forth therein.

169.    In answering paragraph 169 of the Complaint, Defendants deny the allegations set forth therein.

170.    In answering paragraph 170 of the Complaint, Defendants deny the allegations set forth therein.

**XIV.**

**ELEVENTH CLAIM FOR RELIEF**

**Accounting**

**(Against Palubicki and De La Torre)**

171.    In answering paragraph 171 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

172.    In answering paragraph 172 of the Complaint, Defendants deny the allegations set forth therein.

173.    In answering paragraph 173 of the Complaint, Defendants deny the allegations set forth therein.

174.    In answering paragraph 174 of the Complaint, Defendants deny the allegations set forth therein.

175.    In answering paragraph 175 of the Complaint, Defendants deny the allegations set forth therein.

176.    In answering paragraph 176 of the Complaint, Defendants deny the allegations set forth therein.

177.    In answering paragraph 177 of the Complaint, Defendants deny the allegations set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

178.    In answering paragraph 178 of the Complaint, Defendants deny the allegations set forth therein.

179.    In answering paragraph 179 of the Complaint, Defendants deny the allegations set forth therein.

180.    In answering paragraph 180 of the Complaint, Defendants deny the allegations set forth therein.

## XV.

### TWELFTH CLAIM FOR RELIEF

**Disallowance of Claims**

**(Against Palubicki)**

181.    In answering paragraph 181 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

182.    In answering paragraph 182 of the Complaint, Defendants admit the allegations set forth therein.

183.    In answering paragraph 183 of the Complaint, Defendants deny the allegations set forth therein.

184.    In answering paragraph 184 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny each and every allegation set forth therein.

185.    In answering paragraph 185 of the Complaint, Defendants deny the allegations set forth therein.

186.    In answering paragraph 186 of the Complaint, Defendants deny the allegations set forth therein.

187.    In answering paragraph 187 of the Complaint, Defendants deny the allegations set forth therein.

/ / /

/ / /

/ / /

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## XVI.

## <u>THIRTEENTH CLAIM FOR RELIEF</u>

### Equitable Subordination of Palubicki Claims

### (Against Palubicki)

188.    In answering paragraph 188 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

189.    In answering paragraph 189 of the Complaint, Defendants deny the allegations set forth therein.

190.    In answering paragraph 190 of the Complaint, Defendants deny the allegations set forth therein.

191.    In answering paragraph 191 of the Complaint, Defendants deny the allegations set forth therein.

192.    In answering paragraph 192 of the Complaint, Defendants deny the allegations set forth therein.

193.    In answering paragraph 193 of the Complaint, Defendants deny the allegations set forth therein.

194.    In answering paragraph 194 of the Complaint, Defendants deny the allegations set forth therein.

195.    In answering paragraph 195 of the Complaint, Defendants deny the allegations set forth therein.

196.    In answering paragraph 196 of the Complaint, Defendants deny the allegations set forth therein.

197.    In answering paragraph 197 of the Complaint, Defendants deny the allegations set forth therein.

198.    In answering paragraph 198 of the Complaint, Defendants deny the allegations set forth therein.

199.    In answering paragraph 199 of the Complaint, Defendants deny the allegations set forth therein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## XVII.

## FOURTEENTH CLAIM FOR RELIEF

### Aiding and Abetting (civil)

### (Against De La Torre)

200.    In answering paragraph 200 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

201.    In answering paragraph 201 of the Complaint, Defendants deny the allegations set forth therein.

202.    In answering paragraph 202 of the Complaint, Defendants deny the allegations set forth therein.

203.    In answering paragraph 203 of the Complaint, Defendants deny the allegations set forth therein.

204.    In answering paragraph 204 of the Complaint, Defendants deny the allegations set forth therein.

205.    In answering paragraph 205 of the Complaint, Defendants deny the allegations set forth therein.

206.    In answering paragraph 206 of the Complaint, Defendants deny the allegations set forth therein.

207.    In answering paragraph 207 of the Complaint, Defendants deny the allegations set forth therein.

208.    In answering paragraph 208 of the Complaint, Defendants deny the allegations set forth therein.

## XVIII.

## FIFTEENTH CLAIM FOR RELIEF

### Conspiracy (civil)

### (Against Palubicki and De La Torre)

209.    In answering paragraph 209 of the Complaint, Defendants hereby repeat and incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

210.    In answering paragraph 210 of the Complaint, Defendants deny the allegations set forth therein.

211.    In answering paragraph 211 of the Complaint, Defendants admit the allegations set forth therein.

212.    In answering paragraph 212 of the Complaint, Defendants deny the allegations set forth therein.

213.    In answering paragraph 213 of the Complaint, Defendants deny the allegations set forth therein.

214.    In answering paragraph 214 of the Complaint, Defendants deny the allegations set forth therein.

215.    In answering paragraph 215 of the Complaint, Defendants deny the allegations set forth therein.

216.    In answering paragraph 216 of the Complaint, Defendants deny the allegations set forth therein.

## **RESERVATION OF RIGHTS**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation set forth therein.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

2.    The alleged transfers that are the subject of this Complaint were intended by the subject Debtors and Defendants to be a contemporaneous exchange for new value given to Debtors, and which were in fact a substantially contemporaneous exchange, pursuant to 11 U.S.C. § 547(c)(1).

3.    The alleged transfers that are the subject of this Complaint were in connection with a debt incurred by the subject Debtors in the ordinary course of business and were made in

the ordinary course of business or financial affairs of the Debtors and Defendants, pursuant to 11 U.S.C. § 547(c)(2).

4.    The alleged transfers that are the subject of this Complaint were in connection with debts incurred by the subject Debtors in the ordinary course of business and were made according to ordinary business terms, pursuant to 11 U.S.C. § 547(c)(2).

5.    The alleged transfers that are the subject of this Complaint were intended by the subject Debtors and Defendants to be an exchange for new value given to Debtors, which new value was subsequently provided, pursuant to 11 U.S.C. § 547(c)(4).

6.    Defendants received the alleged transfers that are the subject of this Complaint, if any, (1) for value and (2) in good faith, pursuant to 11 U.S.C. § 548.

7.    The alleged transfers that are the subject of this Complaint are not voidable because there were received in good faith and for reasonably equivalent value.

8.    The alleged transfers that are the subject of this Complaint are not voidable because they were made, if any such transfers were made, as part of a good faith effort to rehabilitate the Debtors, and they resulted in value obtained by the Debtors.

9.    Plaintiff's claim is barred by the applicable statute of limitations, including but not limited to 11 U.S.C. § 546.

10.    De La Torre separated from all positions with Debtors in January 2023, more than one year before the petition date, eliminating any insider status for preference period claims.

11.    Plaintiff's claims violate equal protection.

12.    Plaintiff lacks authority over non-debtor entities.

13.    Any attempt to take Palubicki's individual insurance rights as a named insured violates due process and constitutes an unconstitutional taking without compensation.

14.    All challenged actions were protected by the business judgment rule, made in good faith.

15.    Plaintiff is judicially estopped from pursuing claims.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

-22-

16.     The Debtors were solvent during all relevant periods, as evidenced by Newtek Bank's approval and funding of a $5 million SBA 7(a) loan in 2024. Federal regulations at 13 CFR § 120.150 prohibit SBA loans to insolvent entities.

17.     Defendants are entitled to setoff any liability against amounts owed including: unpaid compensation, unreimbursed business expenses totaling $74,383.99, loans of $121,796.60, guarantee obligations of $1,799,550, and contractual severance of $150,000.

18.     Defendants reserve the right to assert additional affirmative defenses.

**WHEREFORE**, Defendants request that this Court issue judgment in favor of Defendants on Plaintiff's claims for relief and award such other and further relief as this Court may deem just and proper.

Dated: September 3, 2025.

**HOLLAND & HART LLP**

*/s/ Joseph G. Went, Esq.*
Joseph G. Went, Esq.
Las K. Evensen, Esq.
Sydney R. Gambee, Esq.
9555 Hillwood Drive 2nd Floor
Las Vegas, NV 89134

*Attorneys for Defendants*
*Brad Palubicki and Eva Gabriela Farmer De La Torre*

## CERTIFICATE OF SERVICE

1.    On the September 3, 2025 I served the following document(s) *(specify):*

*A.*    **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

2.    I served the above-named document(s) by the following means to the persons as listed below*: (Check all that apply)*

 **X**    **a.**    **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):*

GREGORY E GARMAN on behalf of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE

ggarman@gtg.legal, bknotices@gtg.legal

GREGORY E GARMAN on behalf of Trustee MICHAEL W. CARMEL

ggarman@gtg.legal, bknotices@gtg.legal

**X**    **b.**    **US Mail** by depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 3rd day of September, 2025.

*/s/ Tiffany Pond*
SIGNATURE OF DECLARANT

35704212_v1

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134